

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Board of Directors
Texas College of Arts & Industries
Kingsville, Texas

Dear Sirs:

Attention:   Robert C. Eckhardt
Secretary of Board of
Directors

Opinion No. O-3102
Re:  The status of three memberships
upon the Board of Directors of
the Texas College of Arts and
Industries under the facts
described.

You have requested a legal opinion from this depart-
ment regarding the status of three memberships upon the Board
of Directors of the Texas College of Arts and Industries.
The facts are as follows:

On July 7, 1941, former Governor O'Daniel undertook
to make three appointments to the Board for the purpose of
filling vacancies which he considered existed on June 25,
1941.  He directed the following letter of appointment to
the Secretary of State:

"Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

"I am today appointing the following
as Members of the Board of Regents of Texas
College of Arts and Industries at Kingsville,
for six year terms to expire June 25, 1947:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Morris Roberts, Victoria
H. E. Butts, Corpus Christi
Col. Mrs. J. E. King, San Antonio

"Please issue the above commissions at
your earliest opportunity.

"Sincerely yours,

/sgd/ W. Lee O'Daniel

Governor of Texas."

Subsequently, on July 29, 1941, this department held in opinion No. 0-3584 that the terms of members of this Board commenced and terminated as of September 1, wherefore no vacancies would exist on the Board as of June 25. No other action with regard to the matter was taken by Governor O'Daniel.

On August 4, 1941, Governor O'Daniel assumed the office of United States Senator, thereby vacating the office of Governor and Lieutenant Governor Coke Stevenson became Governor of Texas.

We are advised that the informal records of the Secretary of State indicated that the terms of office of the three directors involved expired on June 25, 1941, and that Governor O'Daniel was so informed. The Governor undertook to appoint Mr. Roberts, Mr. Butt and Mrs. King to six-year terms ending June 25, 1947. Obviously for a six-year term to end June 25, 1947, it must commence on June 25, 1941. The Governor's letter of appointment demonstrates an intent to fill vacancies which he deemed existed on June 25, 1941, at which time he was Governor. It would oppose the express language of the appointment letter to say that he purposed to fill vacancies on the Board which would arise on September 1, 1941.

In consequence, we do not believe that the facts warrant the conclusion that Governor O'Daniel intended to make the appointments involved as of September 1, if the appointments should be for any reason ineffective as of June 25. Moreover, it is doubtful if an appointment expressly related to a purported vacancy on a prior date would constitute, as a matter of law, a valid appointment to a prospective actual vacancy on a later date.

Board of Directors, Texas College of Arts & Industries, Page 3

If, however, the appointments under review be regarded as intended for, and effective as of, September 1, it is our opinion that they would none the less be ineffective.

Upon the question of prospective appointments, i.e., appointments in advance to fill vacancies sure to occur subsequently in public offices, there is unanimity of opinion among the courts that such appointments are invalid if the term of the office filled cannot begin until the term of the appointing power and the power to appoint have expired.

It was declared by the Supreme Court of Alabama in Oberhaus v. State, 173 Ala. 483, 55 So. 898, 902:

> "We have carefully examined the authorities on this proposition, and, as there is no material conflict among them, it is not necessary to here reproduce their language or reasoning. They clearly settle the law to the effect that the appointing power cannot forestall the rights and prerogatives of its own successor by appointing successors to officers whose official terms expire contemporaneously with or after the expiration of the term of the appointing power; but where, by law or personal action, the office to be filled by appointment must become vacant by the expiration of the incumbent's term or by his withdrawal during the term of the appointing power, a prospective appointment thereto, if not forbidden by law, may be made at a convenient season before the actual expiration. Mechem on Public Offices and Officers, | 133; Throop on Public Officers, | 92; 23 A. & E. Ency. Law, 347; 29 Cyc. 1373; State ex rel. Morris v. Sullivan, 81 Ohio St. 79, 90 N. E. 146, 26 L. R. A. (N. S.) 514, and note; State ex rel. Whitney v. Van Buskirk, 40 N. J. Law, 463; State ex rel. Childs v. O'Leary, 64 Minn. 207, 66 N. W. 264. And this we hold to be the law."

In accord are the New York cases of People v. Fitzgerald, 180 N. Y. 269, 73 N. E. 55, and Towne v. Porter, 128 Appellate Division 717, 113 N. Y. Sup. 756. In the first case the Court of Appeals said:

Board of Directors, Texas College of Arts & Industries, Page 4

". . . An appointment to office in anticipation of a vacancy therein is good only in case the officer making the appointment is still in office when the vacancy occurs."

To the same effect are the Ohio cases of State v. Cowen, 96 Ohio State 277, 117 N. E. 238, and State v. Sullivan, 81 Ohio State 79, 90 N. E. 146. In the first case mentioned, it was declared:

". . . It has generally been held that the appointing power has full authority to anticipate vacancies in its appointments. This legal principal, however, is limited, in that such vacancies, whether by resignation or expiration of term, must occur during the life of the appointing power. The latter cannot saddle upon its successors appointees whose official terms are to begin thereafter. . . ."

The rule was expressed as follows by the Supreme Court of Maine in Pattangall v. Gilman, 115 Me. 344, 98 Atl. 936:

". . . The authorities are unanimously in favor of the proposition that, if the term of the appointing power extends beyond the point of time when the vacancy arises, a prospective appointment may be made; and, conversely, that if the term of the appointing power does not extend until a vacancy arises in the appointive office, no appointment, prospective or otherwise, may be made by that appointing power. The reason is simple. The appointing power cannot forestall the rights and prerogatives of his own successor by appointing successors to office beginning after his power to appoint has itself expired."

See also Ivy v. Lusk, 11 La. Ann. 486; State v. Meehan, 45 N. J. Law 189; People v. Ward, 107 Cal. 236, 40 Pac. 538; 46 Corpus Curis, | 64, p. 952.

Board of Directors, Texas College of Arts & Industries, Page 5

The underlying reasons for these pronouncements by the courts apply with especial force to the matter at hand. Governor O'Daniel had announced for and had been elected to the office of United States Senator. Upon assuming this office he would automatically vacate the office of Governor and Lieutenant Governor Stevenson would become his successor. Thereupon, Governor O'Daniel's appointing power would expire. When this would occur was a matter to be decided by him alone. So long as he chose to remain as Governor it was his right to make appointments to fill vacancies in public office which had arisen, and to make prospective appointments to fill vacancies which would arise while he continued to occupy the office of Governor and was possessed of the appointing power. During this time, however, he was, in our opinion, without the power to make anticipatory appointments to fill vacancies which would arise after his appointing power had terminated. The power to fill vacancies arising after he left the Governor's office is the prerogative of Governor Stevenson, his successor, and could not be forestalled by any act of Governor O'Daniel, whether under a mistake of fact or otherwise.

Actually the facts convincingly indicate that Governor O'Daniel was merely undertaking to fill vacancies upon the Board which he considered had already arisen. Doubtless he would have made no attempt to fill the three memberships on the Board of the College had he known at the time that the offices would not become vacant until September 1. In any event, it is the opinion of this department that the action of Governor O'Daniel in naming Mr. Roberts, Mr. Butt and Mrs. King to the Board of Directors of the Texas College of Arts & Industries, under the facts which we have reviewed, is of no force and effect and that the three memberships on the Board which will become vacant on September 1, 1941, are subject to being filled by appointment by Governor Stevenson.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 21, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

By *Zollie C. Steakley*

Zollie C. Steakley
Assistant

ZCS:GO

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN